[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs PDS Engineering and Construction, Inc., Daniel Sirois, Milton Martin, and Danford Theriault appeal the decision of the defendant Newington Town Plan and Zoning Commission approving the plaintiffs' application for site plan approval subject to a condition. The commission acted pursuant to General Statutes § 8-3 and its regulations. The plaintiffs appeal pursuant to § 8-8. The court finds the issues in favor of the plaintiffs.
The plaintiffs are the owners of the property that is the subject of the appeal. They are, therefore, aggrieved.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. On June 11, 1997, the plaintiffs applied to the commission for site plan approval of their plan to expand their existing building on property owned by them on Pane Road in Newington. The plan as submitted essentially complied with all requirements of the zoning regulations. The only hitch involved the inevitable increase in surface water that would require drainage.
The present building does not utilize the town's storm water drainage system, which is located in the Pane Road right of way. Rather, the plaintiffs had obtained an agreement with the owner of the property adjacent to the south which permitted the gradual drainage of surface water from a catch basin on the plaintiffs' property onto the adjacent property. The reason for this arrangement was that the town's system was not adequate to handle the volume of drainage generated by the plaintiffs' original establishment.
The plaintiffs' application for approval of the planned expansion included the proviso that surface water drainage would continue to be channeled through the neighboring property. In order to avoid an increase in the rate of water run-off from the property, the plan called for construction of a larger catch basin on the plaintiffs' property to detain and control the flow. This feature of the plan, if implemented, would comply with applicable regulations concerning drainage. CT Page 5958
While the plaintiffs' application was pending before the commission, the owner of the property to the south, Domenic Pane, notified the plaintiffs and the town that the plaintiffs did not have his permission to drain water from the expanded building onto his property. The commission was thus aware that the plaintiffs might encounter opposition and, possibly, litigation with respect to the proviso in their plan for drainage of the surface water. This circumstance was discussed during the public hearings conducted by the commission, although neither Pane nor his attorney attended the hearings.
On August 27, 1997, the commission approved the plaintiffs' application, subject to the condition, however, that "the applicant shall show evidence that rights to drain across abutting property to the south have been secured." It is this condition that is the subject of this appeal.
The statutes and applicable case law require a zoning commission to approve a site plan if the plan complies with the local regulations. General Statutes § 8-3 (g); RK DevelopmentCorp. v. Norwalk, 156 Conn. 375-376 (1968). Section 8-3 (g) of the statutes further provides "[a] site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning . . . regulations."
The point of this rule is that approval of a plan that is in compliance with all applicable established regulations assumes that the applicant will implement the plan exactly as approved and that the project will, therefore, be in compliance with the regulations. If the applicant cannot later implement the plan as approved, for any reason, the project cannot go forward because it would not be in compliance. It is neither necessary or appropriate for the commission to single out a potential obstacle and require, as a specific condition of approval, that it be overcome in advance.
In the present case, since the plaintiffs' site plan, as submitted, indisputably complied with the Newington regulations, the commission was required to approve it without modification or conditions. The fact that the plaintiffs might, in the future, encounter some obstacle to implementing the plan does not alter the commission's obligation to approve it now. This would be true whether the obstacle was potentially a legal one, as here, or perhaps a physical one, for example a construction problem. CT Page 5959
In the present case, in order to comply with the approved site plan, the plaintiffs will have to implement the drainage provisions in the plan; that is, utilize the enlarged catch basin draining onto the neighboring property. If they can do so, the project can go forward. If they cannot, they will have to seek a modification of the site plan or abandon the project.
Based on the foregoing analysis, there was no reason or justification for the commission to impose any particular condition on the approval of the site plan because the plan as submitted already complied with all applicable regulations. The burden is on the plaintiffs to implement the plan as approved, by whatever means are available to them. The commission overstepped its bounds, therefore, when it imposed the additional condition in question.
For the reasons set forth above, the plaintiffs' appeal is sustained.
MALONEY, J.